## THE PEOPLE v. CAQUIAS

### APPEAL from the District Court of Ponce.

No. 16.—Decided December 21, 1904.

APPEAL—JUDGMENT OF ACQUITTAL.—An appeal will not lie from a judgment rendered in a criminal cause acquitting the defendant of the crime with which he is charged.

ID.—The Supreme Court cannot decide questions of law unless the same are raised within the limits of its jurisdiction as an appellate court, or in cases of original jurisdiction, and cannot therefore decide questions which are foreign to the legal questions submitted in the case for its consideration.

The facts are stated in the opinion.

*Mr. Rossy, Fiscal,* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the following opinion of the court.

Francisco Caquias was accused by the prosecuting attorney for the district of Ponce, at that time Francisco Parra, Esq., in the following information:

"In the city of Ponce, within the judicial district of the same name, on the night of October 31, 1902, and by reason of the riot which occurred at the 'Club Federal,' Francisco Caquias filed a sworn complaint against Guillermo Schuk charging that he had seen him coming out of the hall of the said club firing shots, the fact being that Schuk remained at his home, where he was ill, all that night."

The accused pleaded not guilty and at the same time signified his desire to be tried by a court of law.

This case, which is a prosecution for perjury, proceeded to trial and in the record sent up there appear transcripts of the testimony of several witnesses taken stenographically at the trial. The record also contains a copy of the judgment rendered by the judge on the 8th of August last, wherein it it is stated that after the arraignment, the plea of not guilty entered by the accused, the evidence in his favor and against him, and the arguments of counsel, is of the opinion that the law and the facts are in favor of the accused and accordingly pronounces "Francisco Caquias not guilty and acquits him, and orders that he be liberated and exonerated of all the charges made against him in the information."

That judgment appears to be a synthesis of the opinion delivered by the judge on the said 8th day of August, last, from a reading of which it is seen that the acquittal is based on two grounds—the first being that the information is fatally defective in that it does not charge the defendant with the commission of the public crime of perjury, nor of any other crime, because it does not appear therefrom either that the accused was aware of the falsity of the statement or that the same was false, or in what proceeding the affidavit was made. The second ground upon which acquittal is based, according to the opinion to which we refer, is the insufficiency of the evidence introduced at the trial.

Attorney José J. Fernández, who served in the capacity of assistant prosecuting attorney at the trial of the case, took an appeal from the said judgment and D. L. Yordán Dávila as counsel for the accused, acknowledged service of the notice of appeal. The *fiscal* of this Supreme Court, in his brief, as well as in his argument at the hearing which took place on the 13th instant, and at which counsel for the accused was not present, admits that the appeal should be dismissed and expressly states that he has not come to discuss the legality of

the judgment, and emphatically asserts that he does not ask that any action be taken which will prejudice the rights of the discharged defendant.

So, then, the *fiscal* acknowledges that the appeal taken does not lie, because of course such an appeal is contrary to the provisions of section 348 of the Code of Criminal Procedure, which in enumerating the cases in which a prosecuting attorney may take an appeal excludes therefrom judgments of acquittal, such as the one in question. But after making this admission the *fiscal* asks that the court determine at what time during prosecutions in the district courts the same may be dismissed on account of defective information, in order that the prosecuting attorney may present a new information, without danger of jeopardy being successfully alleged. (Subdivision 4 of section 162 of the Code of Criminal Procedure).

In view of the time and the manner in which the question has been raised herein by the *fiscal* it is impossible to decide the same in a general way at this time as suggested by him. It must be borne in mind that this court is a court of appeals and it can decide these questions only when raised in a case on appeal, and where they are discussed and decided by the judgments of the trial court, except in those cases where this court has original jurisdiction. Furthermore, there is another consideration which prevents us from complying with the laudable wishes of the *fiscal,* and it is the fact that the time for the judge to consider the information is discretionary with him or it is ministerial, and if he prefers to adjudge the whole case together this Supreme Court cannot deprive him of that privilege.

For these reasons we are of opinion that this appeal should be

*Dismissed.*

Chief Justice Quiñones and Justices Hernández, MacLeary, and Wolf concurred.